IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cr-00524-JO |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY LEE LEICHLEITER | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Terry Lee Leichleiter (Leichleiter) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 111 and 115.[1] Specifically, Leichleiter requests that his sentence be reduced to time served and that he be released to live in a semi-structured transitional recovery community. Leichleiter asserts that his medical conditions make him particularly vulnerable to the novel coronavirus pandemic. The government opposes his motion. Based on the following, the Court DENIES the motion.

---

[1] Leichleiter filed a pro se motion, ECF No. 111. His counsel filed another motion that contained additional briefing, ECF No. 115.

1 Order

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances, one of which is when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115- 391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[2]

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States

---

[2] Leichleiter's counsel submitted a request for compassionate release with the Warden Engleman on April 29, 2020. Ex. C, ECF No. 118. Counsel reports that the request received no response. ECF No. 115 at 3. Leichleiter's motion is properly before this court.

Sentencing Guidelines (U.S.S.G.) § 1B1.13.[3] The Note[4] identifies extraordinary and compelling reasons in four categories: (1) the medical condition of the defendant; (2) the age of the

---

[3] Because the Sentencing Commission's policy statement was not amended after enactment of the First Step Act, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release . . . because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 89-cr-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (citing *Brown v. United States*, 411 F. Supp. 3d 447, 499 (S.D. Iowa 2019) (canvassing district court decisions)) (quotation marked omitted). As explained by one court, "a majority of federal district courts have found that the most natural reading of the amended § 3582(c) and [28 U.S.C.] § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it." *United States v. Perez*, 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020).

[4] **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

defendant; (3) family circumstances; and (4) other reasons as determined by the Director of the BOP in a defendant's case amounting to an extraordinary and compelling reason, other than, or in combination with, the reasons described in subdivisions (1) through (3).

Prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life. *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities,* CDC (Jan. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. However, compassionate release is "rare and extraordinary" and courts routinely deny such claims. *United States v. Mangarella,* 2020 WL 1291835, at*2-3 (W.D.N.C. Mar. 16, 2020.)

Leichleiter bears the burden to demonstrate extraordinary or compelling reasons justifying his compassionate release. 18 U.S.C. § 3582(c)(1)(A). He asserts that his medical conditions provide the reasons justifying release. Specifically, he contends that his hypertension (high blood pressure), hyperlipidemia (high cholesterol) and hypothyroidism place him at a high risk of severe illness if infected with the novel coronavirus. None of Leichleiter's medical conditions places him in the category of adults who <u>are</u> at increased risk of severe illness. Only his alleged high blood pressure puts in him the category of adults who <u>might be</u> at increased risk of severe disease. *People with Certain Medical Conditions,* CDC, (Jan. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

---

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

A review of the medical records Leichleiter provided indicates that Leichleiter twice denied having a history of high blood pressure. Ex. G, at 18, 39 ("No: Angina, HX Hypertension" and "Hypertension: Denied") ECF #118. While the records show Leichleiter's diagnoses of hyperlipidemia and hypothyroidism and treatments for both conditions, there is no record of a diagnosis or treatment for hypertension. *Id.* at 30-38. During 2019 and 2020, Leichleiter's blood pressure fluctuated between a high of 128/89 to a low of 113/73. *Id.* at 3-19. It appears that Leichleiter does not have any medical condition that puts him at increased risk for severe disease. In addition, Leichleiter already contracted COVID-19, was asymptomatic, and recovered. *Id.* at 31. According to the CDC, cases of reinfection of Covid-19 have been reported, but are rare. *Reinfection with Covid-19* (Jan. 14, 2021), htttps://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html. Leichleiter has no extraordinary or compelling reasons justifying compassionate release.

Even if Leichleiter had provided an extraordinary or compelling reason justifying release, his release would not be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). To warrant compassionate release, Leichleiter must show that he is not a danger and that the § 3553(a) factors support his release. Leichleiter pleaded guilty to production of child pornography. Leichleiter and his co-defendant recruited and enticed a 15-year-old girl into making a pornographic movie. They promised to pay her $4000 if she had sex with them on camera. After making the movie, the three went to a nearby market where Leichleiter told the victim he was going to use the ATM to get cash to pay her. Instead, he and his co-defendant took off. Presentence Report (PSR) at 3-4. Previously, Leichleiter served 75 months for a conviction of rape and sodomy of a 13-year-old girl. PSR at 6-7. The conviction, supervision, and required sex-offender registration in that case did nothing

to deter him from committing another sex crime. While his excellent compliance in prison and his participation in the prison's educational programming are to be commended, Leichleiter has not taken any courses directed toward rehabilitation and has received no sex offender treatment. Leichleiter's release is not warranted under the § 3553(a) factors.

Leichleiter's Motions for Reduced Sentence, ECF Nos. 111 and 115 are DENIED.

IT IS SO ORDERED.

Dated the 15th of January, 2021.

Robert E. Jones
Senior United States District Judge